UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.

JOHN DOE subscriber assigned IP
address 24.127.136.79,

    Defendant.

Case No. 21-cv-10028
Hon. Matthew F. Leitman

_____/

## ORDER DENYING DEFENDANT'S
## MOTION TO QUASH SUBPOENA (ECF No. 7)

In this action, Plaintiff Strike 3 Holdings, LLC alleges that Defendant John Doe violated its copyrights. (*See* Compl., ECF No. 1.) Currently, Strike 3 is only able to identify the Defendant by his or her internet protocol address. On May 13, 2021, Strike 3 filed a motion for leave to serve a third-party subpoena that seeks John Doe's name and contact information from his or her internet service provider (the "ISP"). (*See* Mot., ECF No. 4.) The Court granted that motion on May 17, 2021. (*See* Order, ECF No. 5.) The Court also entered a protective order that required, until further order of the Court, the Defendant be identified in all public filings as "John Doe." (*See* Protective Order, ECF No. 6.)

Strike 3 thereafter served a subpoena on John Doe's ISP that asked the ISP to produce John Doe's name and contact information. The ISP then informed John

1

Doe that it had received the subpoena, and it told John Doe that it would comply with the subpoena unless John Doe filed a motion to quash with the Court. (*See* ISP Ltr., ECF No. 7.)

John Doe filed a motion to quash the subpoena on June 2, 2021. (*See* Mot., ECF No. 7.) The motion contains no substantive content. For example, the motion does not identify the controlling or most appropriate legal authority (or any legal authority at all). (*See id.*, PageID.92-93.) The motion also does not include any legal argument. (*See id.*, PageID.94.) Instead the motion only (1) asks the Court to quash the subpoena, (2) indicates that John Doe did not seek concurrence from Strike 3 before filing the motion because "[t]he whole point is that the opposing party does not learn [his or her] identify," and (3) attaches a letter from John Doe's ISP informing John Doe that it had been served with a subpoena from Strike 3. (*See id.*, PageID.90, 97.) Because John Doe has neither provided any argument in support of quashing the subpoena nor identified any legal authority that could support quashing the subpoena, the motion to quash (ECF No. 7.) is **DENIED**.[1]

**IT IS SO ORDERED**.

Dated: June 3, 2021

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that to the extent John Doe is concerned about his or her identity being associated with the allegations made in the Complaint, as explained above, the Court has issued a protective order that prohibits the use of John Doe's name and contact information in any public filing until further order of the Court.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 3, 2021, by electronic means and/or ordinary mail.

                                                 s/Holly A. Monda
                                                 Case Manager
                                                 (810) 341-9764